IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JOHN ALBERT MULLIGAN,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF MONTANA,<br><br>Defendant. | CV-21-00054-M-DLC<br><br>ORDER |

Plaintiff John Albert Mulligan filed his Complaint on May 3, 2021, alleging violations of his constitutional rights under 42 U.S.C. § 1983. (Doc. 2.) This Court has screened the Complaint and concludes that it fails to state a claim and will be dismissed.

## I. STATEMENT OF THE CASE

### A. Parties

Mulligan is a state inmate proceeding pro se and in forma pauperis. He captioned his Complaint with the State of Montana as defendant, but the body of the Complaint names as defendant the District Court of Missoula. (Doc. 2 at 2.)

### B. Allegations and Procedural Background

Mulligan alleges a violation of his due process rights and of Mont. Code Ann. § 46-18-116. He states that on August 16, 2018, he received an oral

1

pronouncement of his sentence in court, but he did not receive a copy of a written judgment until June 24, 2019, in violation of Mont. Code Ann. § 46-18-116. (Doc. 2 at 4.) Mulligan asks this Court to vacate his state court sentence. (Doc. 2 at 5.)

The Court takes judicial notice of the fact that Mulligan filed a habeas corpus petition in this Court asserting these exact same claims and seeking the identical relief. (See *Mulligan v. Attorney General of the State of Montana*, 21-CV-53-M-DLC, dismissed by order of May 20, 2021.) In its order dismissing the petition, this Court acknowledged that Mulligan had also raised the same claims in his state habeas petition. (Dismissal Order, Doc. 5, 21-CV-53-M-DLC.) This Court concluded that Mulligan did not state a federal claim for relief, because any right that he contends was violated was a creation of state law.

## II. SCREENING PURSUANT TO 28 U.S.C. § 1915A

A. Screening standard

Mulligan is a prisoner proceeding pro se, so the Court must review his Complaint under 28 U.S.C. §§ 1915 and 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed by a prisoner against a governmental defendant if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is

malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). That is, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). A complaint's allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680.

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

B. Analysis

The doctrine of res judicata bars a party from re-litigating claims that were raised or could have been raised in a prior action. *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). "The central criterion in

determining whether there is an identity of claims between the first and second adjudications is 'whether the two suits arise out of the same transactional nucleus of facts.' " *Frank v. United Airlines, Inc.,* 216 F.3d 845, 851 (9th Cir.2000) (citation omitted). A decision in a prior habeas corpus action under 28 U.S.C. §2254 can have preclusive effect in a subsequent civil rights action under 42 U.S.C. § 1983. *Hawkins v. Risley*, 984 F.2d 321, 323 (9th Cir. 1992). The Court is entitled to raise the issue sua sponte. *Id*., at 324.

    Mulligan unsuccessfully raised the identical issues in his habeas petition and sought the same relief. (Doc. 1, *Mulligan v. Attorney General of the State of Montana*, 21-CV-53-M-DLC.) He did name a different defendant in this suit, naming the State of Montana in his caption and the District Court of Missoula in the body of the Complaint. Like the Attorney General named in his habeas petition, the Fourth Judicial District Court (as the Missoula court is more formally known) is a division of the State of Montana. Mont. Const. Art. VII, § 1. Setting aside any issue of state sovereignty related to Mulligan's claim, and the fact that the state district court is not a person within the meaning of 42 U.S.C. § 1983, this Court concludes that for the purposes of res judicata, Mulligan has named the same defendant. As such, he has raised the same claims, stemming from the same nucleus of facts, against the same defendant, attempting to circumvent a previous

adverse decision. His case is barred by the doctrine of res judicata, and the Complaint will be dismissed.

Accordingly, the Court enters the following:

### ORDER

1. Mulligan's Complaint is DISMISSED.

2. The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

DATED this 16th day of August, 2021.

Dana L. Christensen, District Judge
United States District Court